IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02001-PAB-CBS

MULTIBANK 2009-1 RES-ADC VENTURE, LLC,

    Plaintiff,

v.

CRM VENTURES, LLC, a Kentucky limited liability company, and
WILLIAM CRAIG TURNER,

    Defendants.

## ORDER REMANDING CASE TO STATE COURT

The Court takes up this matter *sua sponte* on defendants' notice of removal [Docket No. 1] and defendants' response [Docket No. 11] to the Court's order to show cause [Docket No. 7] regarding defendants' jurisdictional averments. Defendants claim that the Court has jurisdiction over the case based on 28 U.S.C. § 1332(a) (diversity of citizenship). *See* Verified Notice of Removal [Docket No. 1] ("Notice of Removal") ¶ 8.

Under § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. 1332(a) (2006). Section § 1332(a) requires "complete diversity," that is, no plaintiff may be the citizen of a state of which any defendant is also a citizen. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

The notice of removal makes the following allegations regarding the citizenship of the parties:

- "Plaintiff Multibank 2009-1 RES-ADC Venture, LLC is a Delaware l[i]mited liability company with its principal place of business in Miami, Florida";

- "Defendant CRM Ventures, LLC is a Kentucky limited liability company with its principal place of business in Lexington, Kentucky"; and

- "Defendant William Craig Turner is an individual who is a resident of Kentucky and resides in Lexington, Kentucky."

Notice of Removal ¶¶ 5-6.

As explained in the order to show cause, when a limited liability company consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court. *See* Order to Show Cause at 3-4 (citing cases). The order to show cause also explained that averments regarding a natural person's state of residence are insufficient. *See* Order to Show Cause at 4 (citing cases).

In response to the order to show cause, the defendants offered the following additional jurisdictional averments regarding plaintiff's citizenship:

> Plaintiff Multibank is a Delaware limited liability company comprised of two members: (1) RL RES 2009-1 Investments, LLC; and (2) the Federal Deposit Insurance Corporation.
>
> (1) RL RES 2009-1 Investments, LLC is a Delaware limited liability company comprised of only one member: RL RES 2009-1, LLC.
>
>     a. RL RES 2009-1, LLC is a Delaware limited liability company comprised of two members: (i) Rialto RL RES 2009-1, LLC; and (ii) Lennar Distressed Investments, LLC.

          i.        Rialto RL RES 2009-1, LLC is a Delaware limited liability company comprised of only one member: Rialto Capital Holdings, LLC.

                    1.        Rialto Capital Holdings, LLC is a Delaware limited liability company comprised of only one member: Rialto Capital Management, LLC.

                            a.        Rialto Capital Management, LLC is a Delaware limited liability company comprised of only one member: Jeffrey Krasnoff, a citizen of Florida.

          ii.        Lennar Distressed Investments, LLC is a Delaware limited liability company comprised of only one member: Lennar Corporation.

                    1.        Lennar Corporation is a Delaware corporation with its principal place of business in Florida.

    (2)    Federal Deposit Insurance Corporation is a Delaware corporation with its principal place of business in Washington, D.C.

Defs.' Resp. to Order to Show Cause [Docket No. 11] at 2-3. Defendants also stated that "CRM Ventures, LLC, is a Kentucky limited liability company comprised of two members: Defendant William Craig Turner, and his wife, Mrs. Madonna Lynn Turner, both citizens of Kentucky." Defs.' Resp. to Order to Show Cause at 3.

      Based on foregoing averments, defendants contend that they have shown that they properly removed this case because defendants are diverse from plaintiff. However, what defendants fail to realize is that they have uncovered a new defect. Federal courts do not have diversity jurisdiction over federally-chartered corporations such as the FDIC because such corporations have no state citizenship. *See Federal Deposit Ins. Corp. v. La Rambla*, 791 F.2d 215, 221 (1st Cir. 1986); *Federal Deposit Ins. Corp. v. National Sur. Corp.*, 345 F. Supp. 885, 887 (D. Iowa 1972) ("[T]he F.D.I.C. is chartered by the federal government and has citizenship in no particular state for

diversity of citizenship purposes.); *see also Little League Baseball, Inc. v. Welsh Publ'g Grp.*, 874 F. Supp. 648, 651 (M.D. Pa. 1995) (listing various entities which are so treated). As a result, there is not complete diversity of the parties.

A defendant in a removal case bears the burden of establishing the Court's jurisdiction. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."). In a removal case, where a defendant fails to meet its burden in establishing the Court's jurisdiction, the case must be remanded to state court. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245-46 (10th Cir. 2005). Therefore, it is

**ORDERED** that, pursuant to 28 U.S.C. § 1447(c) and due to this Court's lack of subject-matter jurisdiction, this case is REMANDED to the District Court for Eagle County, Colorado, where it was originally filed as Case No. 10CV579.

DATED September 10, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge